UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN W. TECKENBROCK,

    Petitioner,

    v.    CAUSE NO. 3:25-CV-880-TLS-APR

WARDEN,

    Respondent.

**OPINION AND ORDER**

Brian W. Teckenbrock, a prisoner without a lawyer, filed a habeas petition challenging the calculation of his State sentence in *State v. Teckenbrock*, 55D03-2212-F6-1692 (Morgan Sup. Ct. filed Dec. 9, 2022). ECF 1.[1] He asserts that correctional officials did not award him with the credit time to which he was entitled under the departmental policy for case plan time cuts. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

*Lewis*, 390 F.3d at 1025–26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). According to the petition and the electronic docket for the State courts, Teckenbrock has not presented his claim at any level of the State courts. Therefore, the court will dismiss this case without prejudice because Teckenbrock has not exhausted his State court remedies.

When dismissing a habeas corpus petition because it is unexhausted, "[a] district court [is required] to consider whether a stay is appropriate [because] the dismissal would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Teckenbrock seeks habeas relief under Section 2241 rather than under Section 2254, so the statute of limitations set forth in Section 2244(d)(1) does not apply. *See* 28 U.S.C. § 2244(d)(1) (applying the limitations period to petitions "by a person in custody pursuant to a *judgment* of a State court"); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008) ("[P]risoners who seek to collaterally attack a conviction or sentence must satisfy the procedural requisites of § 2254 or § 2255 . . . , but persons challenging detention that is not pursuant to a judgment, or challenging the execution of their sentence, need not."); *Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007) ("[T]here is no statute of limitations applicable to a federal prisoner's filing a section 2241 petition."); *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004) ("If we were to allow White to proceed under 28 U.S.C. § 2241, he would not be subject to the one-year statute of limitations provision of AEDPA, 28 U.S.C. § 2244(d)(1)."). Because dismissing this

case will not effectively end Teckenbrock's chance at habeas corpus review by rendering his sentence calculation claim untimely, a stay is not appropriate for this case.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Teckenbrock to proceed further in federal court until he has exhausted his claims in State court.

For these reasons, the court:

(1) DISMISSES without prejudice the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are unexhausted;

(2) DENIES Brian W. Teckenbrock a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 3, 2025.

s/ Theresa L. Springmann\
JUDGE THERESA L. SPRINGMANN\
UNITED STATES DISTRICT COURT